

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

OCT 1 2 2005

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

DANIEL DWAYNE WRIGHT,

        Petitioner,

v.

BRUCE L. CURTIS and
ARCHIE C. BROWN,

        Respondents.

_____/

CIVIL CASE NO. 05-CV-73433-DT

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE



## ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION

Petitioner Daniel Dwayne Wright has filed an emergency petition for the writ of habeas corpus under 28 U.S.C. § 2241. Respondents are Bruce L. Curtis, the warden who holds Petitioner in custody at Cooper Street Correctional Facility in Jackson, Michigan, and Archie C. Brown, a state circuit court judge in Ann Arbor, Michigan.

Petitioner purports to be a secured party and a holder in due course under the Uniform Commercial Code (UCC). However, he seeks to be discharged from custody. He claims that respondents have deprived him of his liberty without due process or equal protection of the law.

Although Petitioner has alleged the violation of constitutional rights and seeks release from custody, he has not specified the conviction under attack. Exhibits to the habeas petition include a reference to *People v. Daniel Duane Wright*, File No. 82 17091 FY. A search of records maintained by the Michigan Department of Corrections reveals that case number 82 17091 FY arose from an armed robbery in Washtenaw County, Michigan. On November 4, 1983, Petitioner was sentenced to imprisonment for twenty to sixty years for the crime.

The habeas petition appears to challenge Judge Brown's denial of Petitioner's motion to vacate the armed robbery conviction for lack of subject matter jurisdiction. Petitioner has not shown that he exhausted state court remedies for his challenge to the armed robbery conviction by appealing the trial court's decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See* 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Furthermore, to the extent that Petitioner is relying on the UCC, he has not stated a basis for relief. The UCC has no relevance to a habeas petition challenging the fact or duration of confinement, and it is not federal law. *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004); *Motorola, Inc. v. Perry*, 917 F. Supp. 43, 48 n.5 (D.D.C. 1996). The Court may grant the writ of habeas corpus only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

The Court concludes for the foregoing reasons that Petitioner is not entitled to relief. Therefore, the application for a writ of habeas petition is summarily dismissed without prejudice pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

/s/ Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Date: OCT 1 2 2005

2